UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————

№ 26-CV-3469 (RER) (JRC)

————————————————

JOSEPH ROBERT PETTY, IV[1]

VERSUS

MARILYN L. PAULISKNESKI; SCOTT DAVIS; GEORGE KANELLOPOLOS; LAUREN R. PARSON

————————————

**MEMORANDUM & ORDER**

————————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Joseph-Robert Petty, IV, who is currently incarcerated at the Auburn Correctional Facility in Auburn, New York, filed the above-captioned civil rights action dated May 20 and May 22, 2026. (ECF No. 1 at 7–8). Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. (ECF No. 4, 7).

After carefully reviewing the record, and for the reasons set forth herein, the Court dismisses the complaint.

### BACKGROUND

Petty has previously filed multiple prior actions in this Court related to his arrest on May 1, 2018, at his Far Rockaway home in Queens County, New York and his subsequent prosecution and conviction in Queens County under New York Penal Law § 130.75(1)(a).

---

[1] Plaintiff writes his name as "Joseph-Robert: Petty IV." This convention connotes no specific meaning to the Court, which uses a standard format for the names of parties.

(*See, e.g., Petty v. Buchter*, No. 25-CV-5941-RER-JRC, ECF No. 7 (E.D.N.Y. Dec. 4, 2025) (dismissing Petty's claims related to his criminal prosecution as time-barred, for failure to state a claim, and because it sought damages against defendants who are immune to such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(2))); *Petty v. New York*, No. 18-CV-6530 (BMC) (RER), 2019 WL 79424 (E.D.N.Y. Jan. 2, 2019) (dismissing Petty's claims related to his then pending criminal prosecution).

Here, Petty again raises claims related to his May 1, 2018, arrest and subsequent prosecution and conviction. (ECF No. 1 at 5). He names the arresting police officer, Marilyn L. Pauliskneski; two Assistant District Attorneys who conducted the prosecution, Lauren R. Parson and George Kanellopolos; and Petty's criminal defense counsel, Scott Davis, but he does not identify any actions taken by these defendants. (*Id.* at 2–3). Instead, Petty states: "Defendant(s) do not have license to practice law. Defendant(s) have been practicing unwritten law interpreting 'contract' or ownership of something." (*Id.* at 4).

Additionally, Petty claims: "[T]he DMV made slight variations to the spelling of my name bestowed at birth . . . I have not knowingly gave consent to make any derivatives to my legal name using pseudonymous work for places of public accommodation(s)." (*Id.* at 5). Plaintiff also mentions an assault and other alleged injuries incurred at the Auburn Correctional Facility.[2] (*Id.* at 6).

---

[2] At the time he filed the instant complaint, Petty also filed a complaint involving incidents at Auburn Correctional Facility. *Petty v. Martuscello*, No. 26-CV-3464-RER-JRC. The Court transferred that action to the United States District Court for the Northern District of New York. Plaintiff may raise any additional claims arising at Auburn in the District Court that has jurisdiction over such claims.

Petty seeks release from incarceration and monetary compensation. *Id.*

On June 26, 2026, Petty submitted a "Petition" ostensibly pursuant to Fed. R. Civ. P. 8(a)1, 2, 3; 28 U.S.C. §§ 1605, 1607; 18 U.S.C. §§ 1341, 1342, 2333, and "the Writ of Habeas Corpus." (ECF No. 6 at 1, 3). Plaintiff states: "I wish to be compensated for the maximum amount in U.S. dollars in redemption and to be immediately released from custody." *Id.* at 4.

## **LEGAL STANDARD**

Courts must give "special solicitude" to unrepresented litigants and interpret *pro se* pleadings to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Pursuant to the *in forma pauperis* statute, a district court must also dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead

3

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**<u>DISCUSSION</u>**

I.      <u>Plaintiff Fails to State a Claim for Relief</u>

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Petty must provide a short, plain statement of his claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (citation omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id.*

Petty's submission fails to conform with the dictates of Rule 8. The complaint alleges that plaintiff's rights were violated in connection with his 2018 arrest but does not claim that any of the named defendants took any action in violation of his civil rights. Thus,

the complaint as currently stated fails to state a plausible claim for relief and is dismissed. Fed. R. Civ. P. 8.

The Court has considered and declines to afford Petty an opportunity to amend this complaint, concluding that granting him leave to amend would be futile. *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."). Even if Petty had ascribed specific factual allegations to each defendant, these claims would be dismissed, as follows.

II.    Plaintiff's False Arrest Claim is Time-Barred

To the extent that Petty seeks to bring a 42 U.S.C. § 1983 false arrest claim against defendant Pauliskneski, this claim is time-barred. The statute of limitations for a section 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the plaintiff becomes detained pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 397 (2007). In New York, such actions are subject to a three-year statute of limitations. *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) (citing, *inter alia*, N.Y. C.P.L.R. § 214). Petty's arrest-related claims began to accrue when he was arrested and charged in May 2018. He filed the complaint in this case in May 2025, four years after the limitation period expired in May 2021. Plaintiff has not provided any basis to toll the statute of limitations. Therefore, his claims against Pauliskneski are time-barred. *Id.* at 127–28.

III.   Plaintiff Cannot Bring Section 1983 Claims Against a Private Attorney

Plaintiff fails to state a section 1983 claim against his criminal defense counsel. For a claim to be cognizable under section 1983, (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct

5

complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 usually does not apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt*, No. 11-CV-5430 (KAM) (LB), 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases); *see Polk County v. Dodson*, 454 U.S. 312, 319 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Petty has not alleged that his defense attorney was acting under color of state law.

Accordingly, plaintiff's claims against defendant Davis would also be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IV.     Prosecutors are Absolutely Immune from Suit

Plaintiff names two Assistant District Attorneys as defendants. Prosecutors are absolutely immune from civil suits for damages for acts committed as part of their official duties in prosecuting criminal cases. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated

6

with the prosecutor's function as an advocate." *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir. 1995) (quotation marks and brackets omitted). Thus, should Petty allege that defendants Parson and Kanellopolos violated his rights in the course of the prosecution against him, their actions are protected by absolute immunity and the claims against them would be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(iii).

V.    <u>*Heck v. Humphrey* bars Plaintiff's Challenge to his Conviction</u>

To the extent that Petty's complaint seeks release or damages related to his incarceration, these claims are barred by the favorable termination rule set forth in *Heck v. Humphrey* and its progeny, which mandate that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

To challenge a past conviction under section 1983, the plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). "[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973).

In this case, Petty directly challenges his confinement pursuant to his conviction, a conviction that has not previously been invalidated. Accordingly, the favorable termination rule bars his claims.

Petty filed a "Petition" in this lawsuit, but it was not a petition pursuant to 28 U.S.C. § 2254. Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and contains several gatekeeping provisions, including a time limitation, exhaustion of state-court remedies, and limitations on bringing successive petitions. *See* 28 U.S.C. § 2254(b)(1). Should Petty wish to file a section 2254 petition, he may file it in this Court, under a new docket number.[3]

VI.       This Court Does Not Have Jurisdiction Over Name Changes

Petty makes several references to the spelling of his name and alleges that the Department of Motor Vehicles "made slight variations to the spelling of [his] name." Plaintiff has not identified any constitutional injury nor requested any relief related to this claim, and the Court can see no basis for considering this issue.

**<u>CONCLUSION</u>**

For the reasons set forth above, the Court dismisses the complaint dismissed as time-barred, for failure to state a claim, and because it seeks damages against defendants who are immune to such relief pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

---

[3] For Plaintiff's convenience, a copy of 28 U.S.C. § 2254 is attached to this Order, in addition to a blank form for filing a petition by an individual in state custody.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment; close this case; mail a copy of this Order and the Judgment to Plaintiff, along with the text of 28 U.S.C. § 2254 and a blank form for 28 U.S.C. § 2254 petitions and a fee-waiver request; and note the mailing on the docket.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: July 16, 2026
        Brooklyn, New York